IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PEDRO M. RODRIGUEZ, | § | |
| (TDCJ-CID #1477759) | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-11-1776 |
| | § | |
| JESTER IV UNIT, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Plaintiff Pedro M. Rodriguez, a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a complaint under 42 U.S.C. § 1983, alleging that prison officials have violated his civil rights. He proceeds *pro se* and *in forma pauperis*. In this suit, Rodriguez sues Officer John Doe and the Jester IV Unit. Rodriguez alleges that prison officials failed to protect him from a sexual assault by his cell mates. He claims that his mental illness prevented him from filing his complaint within the statute of limitations.

The Jester IV Unit answered and moved to dismiss, arguing that it was an entity not capable of being sued. (Docket Entry No. 16). Based on the pleadings, the motions to dismiss, Rodriguez's response, the record, and the applicable law, this court grants the Jester IV Unit's motion. Rodriguez's claims against the Jester IV Unit are dismissed. Rodriguez's motion for disclosure, (Docket Entry No. 18), is denied as moot. By **August 26, 2013,** Rodriguez must file an amended complaint, identifying the officer who allegedly failed to protect his safety on the evening of February 4, 2009. Failure to comply as directed may result in dismissal of this action for want of prosecution. Rodriguez's claims against Officer John Doe are retained for further proceedings.

Rodriguez's motion for the appointment of counsel, (Docket Entry No. 19), is denied without prejudice at this time.

The reasons for these rulings are stated in detail below.

## I. Rodriguez's Allegations

Rodriguez alleges that on the evening of February 4, 2009, his two cell mates attacked him. Rodriguez alleges that he ran to the cell door and banged on it to get Officer Doe's attention. He alleges that he told Officer Doe he feared being assaulted by his cell mates and that he was weak due to medication he was taking and unable to defend himself. He claims that Officer Doe responded by stating, "if you don't mess with them, they won't mess with you." Rodriguez alleges that one fellow inmate stood watch at the cell door while the two cell mates held Rodriguez in a choke hold until he lost consciousness. When Rodriguez regained consciousness, he found semen around his mouth and anus. Rodriguez seeks a declaratory judgment that the defendants violated his civil rights, as well as unspecified compensatory and punitive damages.

## II. Procedural History and Background

Rodriguez filed this civil rights complaint on May 10, 2011. The court ordered service of process as to Officer John Doe and the Jester IV Unit on September 6, 2012. (Docket Entry No. 16). On November 7, 2012, the Jester IV Unit moved to dismiss because it was an entity incapable of being sued. (Docket Entry No. 16). Rodriguez responded and moved for disclosure on December 3, 2012. (Docket Entry No. 18).

**III.     The Motion to Dismiss**

    **A.     The Applicable Legal Standard**

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal,* 5556 U.S. 662, 677-78 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to Relief." FED. R. CIV. P. 8(a)(2). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office,* 530 F.3d 368, 372 (5th Cir. 2008) (quoting *Twombly,* 550 U.S. 544).

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief — including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir. 2007) (footnote omitted) (quoting *Twombly,* 550 U.S. 544, 127 S. Ct. at 1964-65); *see also S. Scrap Material Co. v. ABC Ins. Co. (In re S. Scrap Material Co.),* 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1965), *cert. denied*, 129 S. Ct. 1669 (2009). "A document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Pleadings filed by a *pro se* litigant are entitled to a liberal construction. *See Haines v. Kerner,* 404 U.S. 519, 520-21 (1972)*; Oliver v. Scott,* 276 F.3d 736, 740 (5th Cir. 2000).

A court generally must limit itself to the contents of the pleadings in considering a Rule 12(b)(6) motion but may consult documents attached to the defendant's motion if "'they are referred to in the plaintiff's complaint and are central to [its] claim.'" *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.,* 987 F.2d 429, 431 (7th Cir. 1993)). A "complaint that shows relief to be barred by an affirmative defense, such as the statute of limitations, may be dismissed for failure to state a cause of action." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir. 1982), *cert. denied,* 459 U.S. 1105 (1983); *accord La Porte Constr. Co. v. Bayshore Nat'l Bank of La Porte,* 805 F.2d 1254, 1255 (5th Cir. 1986). "Although defendants bear the burden of pleading and proving affirmative defenses, where facts alleged in plaintiff's pleadings make clear that a claim is barred, dismissal under Rule 12(b)(6) may be granted." *In re Dynegy, Inc. Secs. Litig.,* 339 F. Supp.2d 804, 819 (S.D. Tex. 2004).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.,* 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion." (internal citation omitted)). However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed

4

change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson,* 247 F. App'x 534, 535 (5th Cir. 2007) (unpublished) (per curiam) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.,* 195 F.3d 765, 771 (5th Cir. 1999))).

### B.     The Jester IV Unit's Motion to Dismiss

Rodriguez named the Jester IV Unit as a defendant in this § 1983 suit. (Docket Entry No. 1, Complaint, p. 1). Suits for damages against the State or a State agency are barred by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Absent waiver, neither a State nor its agencies acting under its control are subject to suit in federal court. *P.R. Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). As an instrumentality of the state, the Jester IV Unit is immune from a money damages claim. *See Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

Although the Eleventh Amendment does not bar Rodriguez's claim for prospective relief, it is barred on other grounds. The agency's policy or custom must have played a part in the alleged violation of federal law. *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978)). Rodriguez has not alleged that a TDCJ-CID policy or custom caused the violation of his constitutional rights. Nor has he otherwise specified a basis for declaratory relief or that it would provide other than as a part of the damages he seeks.

The motion to dismiss filed by the Jester IV Unit, (Docket Entry No. 16), is granted. The claims against Jester IV Unit are dismissed.

## IV. The Motion for Disclosure

Rodriguez states that he does not know the identity of Officer Doe. He is described as African American, wearing glasses, and standing approximately five feet and six inches. Rodriguez moves for an order requiring the Attorney General to disclose about information Officer Doe so that he can be served. (Docket Entry No. 18).

To date, the Attorney General has not been able to identify the individual Rodriguez is attempting to sue. The Attorney General has disclosed to Rodriguez a copy of the shift roster for February 4, 2009 to help Rodriguez identify the officer in question. The Attorney General is in the process of obtaining and reviewing other records relevant to Rodriguez's incarceration with TDCJ to discern whether Officer Doe's identity can be found in these records. If Rodriguez is able to identify Officer Doe from the shift roster provided, or in the event Officer Doe's identity can be learned from other records, the Attorney General will attempt to gain authorization to represent this individual and promptly file an answer on his behalf.

Because the Attorney General has already disclosed a copy of the shift roster for February 4, 2009 and will provide other documents that might reveal his identity, Rodriguez's motion for disclosure, (Docket Entry No. 18), is denied as moot. By **August 26, 2013,** Rodriguez must file an amended complaint, either identifying the officer who allegedly failed to protect his safety on the evening of February 4, 2009 or stating why he continues to be unable to do so. Failure to comply as directed may result in dismissal of this action for want of prosecution.

## V. Conclusion and Order

The motion to dismiss filed by the Jester IV Unit, (Docket Entry No. 16), is granted. Rodriguez's claims against the Jester IV Unit are dismissed. Rodriguez's motion for disclosure,

(Docket Entry No. 18), is denied as moot. By **August 26, 2013,** Rodriguez must file an amended complaint, identifying the officer who allegedly failed to protect his safety on the evening of February 4, 2009. Failure to comply as directed may result in dismissal of this action for want of prosecution. Rodriguez's claims against Officer John Doe are retained for further proceedings. Rodriguez's motion for the appointment of counsel, (Docket Entry No. 19), is denied without prejudice at this time.

   SIGNED on June 13, 2013, at Houston, Texas.

                Lee H. Rosenthal
               United States District Judge